IN THE

# Supreme Court of Georgia,

## AT ATLANTA.

## JANUARY TERM, 1876.

PRESENT—HIRAM WARNER, . . . . . CHIEF JUSTICE.
L. E. BLECKLEY, . . . . . . JUDGE.
JAMES JACKSON, . . . . . .   "

---

JAMES B. MARTIN, administrator, plaintiff in error, vs. WILLIAM S. TWEEDELL, defendant in error.

1. An injunction restraining the sale of the land claimed, but not the levy thereon, is irrelevant, where the sole question is whether the claimant, and those under whom he holds, has had such four years' possession as would discharge it from the lien of the execution.

2. Where claimant holds land under chain of title commencing with the deed made by defendant in *fi. fa.* prior to his bankruptcy, but which he nevertheless returned in his schedule as his property, and the question at issue was whether the possession of claimant and his vendor (the purchaser from the bankrupt) was in good faith, that such vendor procured or influenced the defendant to take advantage of the bankrupt act, was irrelevant.

3. Upon the trial of this issue, that such vendor asked and influenced the defendant to take advantage of the bankrupt act, to embrace this land in his schedule, and to obtain an injunction against this execution, was relevant.

Claim. Evidence. Bankrupt. Before Judge BUCHANAN. Carroll Superior Court. April Adjourned Term, 1875.

Reported in the decision.

J. B. S. DAVIS; W. W. & G. W. MERRELL, for plaintiff in error.

· No appearance for defendant.

, WARNER, Chief Justice.

This was a claim case, on the trial of which the jury found the land levied on not subject. The plaintiff made a motion for a new trial on the ground that the court erred in rejecting as evidence a bill of injunction from the district court of the United States, and because the court erred in refusing to allow the plaintiff to ask the witness, Johnson, who had purchased the land from the defendant in *fi. fa.* and sold it to the claimant, "If he did not procure or influence the defendant to go into bankruptcy?" Because the court erred in refusing to allow the plaintiff to ask the witness, Johnson, the following question: "If he did not ask and influence the defendant, Blackman, to go into bankruptcy, and to embrace this land levied on in his schedule, and to obtain an injunction as to this *fi. fa.*, and thus have it restrained?" These are all the errors complained of in the motion for a new trial, which the court overruled, and the plaintiff excepted.

1. The injunction did not restrain the plaintiff from levying his *fi. fa.* on the land, and therefore there was no error in rejecting it as evidence in this case.

2. There was no error in the refusal to allow the witness to state whether he did not procure or influence the defendant to go into bankruptcy. Whether the witness did procure or influence the defendant to go into bankruptcy or not, was not a relevant question going to illustrate the issue on trial, without more.

3. The other question, in view of the facts of the case, the witness, in our judgment, should have been required to answer. The question was, "if he did not ask and influence the defendant, Blackman, to go into bankruptcy and *embrace this land levied on in his schedule*, and to obtain an injunction

Martin *vs.* Tweedell.

as to this *fi. fa.*, and thus have it restrained?" The claimant sought to be protected as against the plaintiff's judgment, on the ground that he and Johnson, under whom he claimed, had been in possession of the land for four years as *bona fide* purchasers for a valuable consideration. The claimant relied on the possession of Johnson to make out the four years' possession as required by the 3583d section of the Code, he not having had possession of the land himself but a short time. The witness, Johnson, stated that he had notice of the judgment against the defendant, Blackman, when he purchased the land from him. The judgment against Blackman was obtained on the 10th of October, 1867. The deed from Blackman to Johnson is dated 22d July, 1870, and the deed from Johnson to Tweedell, the claimant, is dated the 4th of February, 1875. The plaintiff's *fi. fa.* was levied on the land 24th August, 1874, nearly six months prior to the date of the claimant's deed from Johnson, so that the claimant had to rely on Johnson's possession of the land to make out his case under the statute. The question then was in regard to the *bona fides* of Johnson's possession. Was he a *bona fide* purchaser of the land from the defendant, Blackman, for a valuable consideration? If Johnson did ask and influence Blackman to go into bankruptcy, and to embrace the land levied on in his schedule as such bankrupt, that would be evidence going to show that Johnson regarded the land as being the property of Blackman, and not his, Johnson's, property. If the land belonged to him, Johnson, why should he have advised or influenced Blackman to return or embrace it in his bankrupt schedule as *his*, Blackman's, property? The question propounded to the witness was pertinent and relevant to the issue on trial, inasmuch as it was intended to show that the purchase of the land by Johnson from Blackman was not *bona fide* and for a valuable consideration as contemplated by the statute.

Let the judgment of the court below be reversed.